**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————

**No. 07-4407**

——————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JOBIAS VONDREA ARTIS,

    Defendant - Appellant.

——————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:05-cr-00296)

——————

Submitted: January 2, 2008     Decided: March 10, 2008

——————

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and Liam O'GRADY, United States District Judge for the Eastern District of Virginia, sitting by designation.

——————

Affirmed by unpublished per curiam opinion.

——————

Joshua W. Willey, Jr., MILLS & WILLEY, New Bern, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

——————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jobias Vondrea Artis was indicted by a federal grand jury on four counts including: conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (count one); receipt and possession of stolen bank monies, in violation of 18 U.S.C. § 2113(c)(count two); aiding and abetting an armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2(count three); and aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2 (count four).  Thereafter, Artis moved to suppress the statements made by him on August 17, 2005, during two separate interviews at the Goldsboro Police Department. The district court adopted the recommendation of the magistrate judge and denied the Defendant's motion to suppress, finding no error in the magistrate judge's decision, which was based largely on credibility assessments. Finding that Artis' objections deal exclusively with the credibility determinations of the district court in which we find no error, we affirm.

I.

On August 17, 2005, officers of the Goldsboro Police Department were dispatched to a bank robbery in progress at the Branch Banking and Trust ("BB&T") on West Grantham Street in

2

Goldsboro, NC. The officers were notified that the suspect may have been driving a gray Dodge Magnum vehicle. The officers were also given a physical description of Artis, and were informed that he may have been involved in the robbery in some way.

Later in the same day, the investigating officers were eating lunch when they observed a Dodge Magnum pull into the parking lot behind the restaurant where they were sitting and park directly in front of a nearby Radio Shack. Detective David Cloutier entered the Radio Shack and observed Artis in the front of the store. At this time, Detective Cloutier asked Artis if he would step outside of the store and speak with him, which Artis agreed to do. During this discussion, Artis was informed that the money stolen from the BB&T could be recorded and traced. In response, Artis, without hesitation, pulled a large sum of money out of his pocket and handed it to Detective Cloutier. In addition, Artis volunteered that he had several thousand dollars at his residence that were given to him by co-defendant, Warren Baker. Artis offered to accompany the officers to his residence in order to retrieve these proceeds.

During the progress of this conversation, Investigator Chad Calloway of the Goldsboro Police Department arrived at the Radio Shack. Calloway asked Artis if he would be willing to make a written statement at the police station and he indicated that he would be willing to do so. After agreeing to make a statement,

3

Artis requested to drive to his residence in his own vehicle to retrieve the money. The officers informed him that it was preferable that he accompany them in their unmarked police vehicle, rather than drive his own vehicle to his residence. Nonetheless, Artis was advised at this time that he was not under arrest, nor was he placed in any sort of physical restraints. With the understanding that his compliance was entirely voluntary, Artis agreed to ride with the officers to his residence and retrieve the money given to him by Baker. Before arriving at his residence, the officers read a form to Artis, which he signed, acknowledging that he consented to the search of his home. At his home, Artis retrieved approximately $16,000.00 and handed it over to the officers.

At this time, Artis was driven to the Goldsboro Police Station with no physical restraints imposed upon him. Artis was again advised that he was not under arrest and that his cooperation in the matter was appreciated. When he arrived at the police station, Artis was duly informed that he was free to leave before being interviewed by Investigator Calloway. Artis was not advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), prior to this interview.

Following Investigator Calloway's interview with Artis, he interviewed Artis' co-defendant Varn, and became increasingly concerned with the various discrepancies between the two

4

statements. Based on these concerns, Investigator Calloway decided to interview Artis for a second time, informing Artis that he was under arrest before commencing the interview. Following the effectuation of his arrest, Artis was first advised of his Miranda rights. Artis was provided with a form explaining his Miranda rights, which listed his rights in a series of bullet points. The form was read line-by-line to Artis, and he was instructed after each bullet point to indicate whether or not he understood this right. If he understood, Artis was verbally instructed to say yes or write yes and initial after the bullet corresponding to the right on the waiver form. Following this procedure, Artis was informed of all of his Miranda rights and indicated that he understood all of his rights, by verbally answering yes, writing yes, and initialing after each yes. Artis agreed to waive his Miranda rights at this time and was interviewed for the second time.

The statement that resulted from his second interview was typed and shown to Artis, following which he read and signed the statement. Artis did not indicate that he was unable to read the statement or needed additional clarification.

## II.

Artis' first claim on appeal that his statement was taken in violation of his Miranda rights, restates the argument raised and

5

rejected by the district court at the suppression hearing. When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. See United States v. Han, 74 F.3d 537, 540 (4th Cir. 1996) (noting that the evidence must be construed in the manner most favorable to the prevailing party below). We review the district court's factual findings underlying the adjudication of a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

Artis' challenge to the denial of his motion to suppress rests primarily on his position that the district court erred in reaching its credibility determinations. We have reviewed the transcript of the suppression hearing and find that it fully supports the findings of the magistrate judge in regard to the credibility of witnesses, including Artis, Detective Cloutier, and Investigator Calloway. The reviewing court must give due regard to the opportunity of a trial court to judge the credibility of witnesses. Fed. R. Civ. P. 52(a); see also Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 56 F.3d 556, 567 (4th Cir. 1995) (absent extraordinary circumstances, the court does not review the factfinder's credibility determinations); see also United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Considering that the factual issues involved in a motion to suppress are reviewed for clear error, and that we have found that the district court's

6

credibility determinations are not clearly erroneous, Artis' appeal regarding his motion to suppress fails.

## III.

Artis also challenges the district court's imposition of a sentencing enhancement, subsequent to a jury trial in which the jury found him guilty of Counts I, III, and IV of the indictment. The sentencing enhancement imposed by the district court, pursuant to United States Sentencing Guidelines Section U.S.S.G. § 3B1.1(c), provides for a two-level enhancement where the defendant is an organizer or leader in criminal activity. U.S.S.G. § 3B1.1(c). We review sentences for abuse of discretion. Gall v. United States, 128 S. Ct. 586 (2007). A district court's determination of a defendant's role in the offense is a factual finding, reviewed for clear error. United States v. Jones, 356 F.3d 529, 538 (4th Cir. 2004).

We find the facts wholly sufficient for the district court to find a two-level enhancement for an aggravating role in the offense. The district court found that Artis' co-defendants were credible witnesses and adopted their statement of events to find that Artis played a leadership role in these criminal activities and that a two-level enhancement was warranted in establishing his advisory guideline sentencing range. Again, we will not second guess the credibility assessments of a district court, nor will we

7

set aside factual determinations unless they are clearly erroneous. Id. Similarly, "the credibility of a testifying co-conspirator is for a sentencing judge to assess." United States v. Fisher, 58 F.3d 96, 100 (4th Cir. 1995). The record supports the conclusion of the district court and forecloses the possibility of clear error. We conclude that the district court properly applied the enhancement in calculating Artis' advisory guideline range and imposed a sentence that was within that range. Accordingly, the district court's sentence was not an abuse of discretion and we affirm the district court's imposition of a two level enhancement under U.S.S.G. § 3B1.1.

IV.

In conclusion, we find that the district court was not clearly erroneous in denying Artis' motion to suppress and in applying the appropriate sentencing enhancement. As such, we affirm Artis' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8